UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURLAL S., <br><br> Petitioner, <br><br> v. <br><br> ORESTES CRUZ, Field Office Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; Warden of Golden State Annex Detention Facility, <br><br> Respondents.[1] | No. 1:26-cv-00070-KES-SAB (HC) <br><br> ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION <br><br> Doc. 2 |

      Before the Court is petitioner Gurlal S.'s motion for temporary restraining order.[2]  Doc. 2. The Court has addressed the legal issues raised by petitioner's motion for temporary restraining

---

[1] When a habeas petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  Petitioner is currently detained at Golden State Annex Detention Facility, *see* Doc. 1 at ¶¶ 5, 18.  The Court "may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a)." *Jones v. Schwarzennegger*, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008); *see also Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993) ("[D]ismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court.  Instead, district courts may order the joinder of such parties pursuant to Fed. R. Civ. P. 19(a).").  The Court therefore joins the Warden of Golden State Annex Detention Facility as a respondent in this action.

[2] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

order in prior cases. *See e.g., Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025).

The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025), and *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), and that would justify denying the motion. Doc. 5. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents did not identify any factual or legal issues in this case that distinguish it from the cases cited in the Court's minute order, and they also did not object to converting the motion or request a hearing. *See* Doc. 9.

As respondents have not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions in *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025), and *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), and for the reasons stated in those prior orders, petitioner's motion for temporary restraining order is converted to a motion for a preliminary injunction and is GRANTED. Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025).

///

///

1    This matter is referred to the assigned magistrate judge for further proceedings including
2 the preparation of findings and recommendations on the petition or other appropriate action.

4 IT IS SO ORDERED.

5    Dated:    January 9, 2026

UNITED STATES DISTRICT JUDGE