# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURLAL SINGH,<br><br>                  Petitioner,<br><br>        v.<br><br>ORESTES CRUZ, et al.,<br><br>                  Respondents. | Case No. 1:26-cv-00070-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On January 9, 2026, the Court granted Petitioner's motion for a preliminary injunction, ordered Petitioner released from custody, and referred the matter to the undersigned for further proceedings, including the preparation of findings and recommendations on the petition or other appropriate action. (ECF No. 10.) On January 21, 2026, Respondents filed a response, and Petitioner filed a reply on February 16, 2026. (ECF Nos. 16, 17.)

**II.**

**DISCUSSION**

The Court previously ordered Respondents to show cause "as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Sharan S. v. Chestnut and Guzman v. Andrews* and justify denying the motion, or indicate the matter is not substantively distinguishable." (ECF No. 5.) As Respondents had "not identified any factual or legal issues in this case that render it distinguishable from the Court's prior

1

decisions," the district judge granted a preliminary injunction and ordered Petitioner released "for the reasons stated in those prior orders." (ECF No. 10 at 2.[1])

Respondents argue that because Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress," the petition should be denied. (ECF No. 16 at 1, 2.) Such arguments have been rejected by this Court in the previous decisions set forth in the order granting preliminary injunction. (ECF No. 10 at 2.)

Alternatively, Respondents argue that the Court should hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez Vazquez v. Bostock, No. 25-6842. (ECF No. 16 at 2.) In Rodriguez Vazquez v. Bostock, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), the district court granted summary judgment "to the Bond Denial Class on their claims that their detention under 8 U.S.C. § 1225(b)(2) is unlawful." Id. at 1336. The Bond Denial Class is defined as:

> [A]ll noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

Rodriguez Vazquez, 802 F. Supp. 3d at 1336. The district court declared "that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" and that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." Id.

Although the Ninth Circuit's resolution of Rodriguez Vazquez may provide guidance on the application of 8 U.S.C. §§ 1225 and 1226, the Court is skeptical the decisions will impact the Court's conclusion that Petitioner has a protected liberty interest that arises from his prior release from immigration custody. See, e.g., Sharan S. v. Chestnut, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *8 (E.D. Cal. Nov. 12, 2025) ("Even if section 1225(b) did apply,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

petitioner has a protected liberty interest based on the government's prior representation to him that his release was pursuant to section 1226, combined with the year he spent at liberty while relying on that representation.").

Accordingly, the Court will recommend that the petition be granted for the reasons stated in the order granting preliminary injunction.

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 6, 2026**   _____
                             STANLEY A. BOONE
                             United States Magistrate Judge